IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK CERINI, on behalf of himself and )
all others similarly situated, )
) Civil Action No. 2:14-cv-00637
Plaintiffs, )
) Judge Mark R. Hornak
v. )
)
WARRIOR ENERGY SERVICES, INC.; )
and IPS, INC., )
)
Defendants. )

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

The Defendants have moved to have the Court put this case back in the barrel, so to speak, and have it randomly reassigned to a Judge of this Court (maybe to me, maybe to someone else, depending on how the reassignment process works out). ECF No. 21. They say that the Plaintiff missed the mark when he designated this case "related" to civil action 13-695, the "*Dunkel*" case, *Dunkel v. Superior Energy Services, Inc.*, which like this one, is a hybrid FLSA collective action/state law purported class action seeking the payment of allegedly unpaid overtime wages. The Defendants note that other than the fact that the Defendants in each case are the same, as are the lawyers on both sides of the caption, the cases are not related in fact, and are not related in law under this Court's Local Rule 40. The Plaintiff alternatively argues that for purposes of that Rule, the cases are related enough, and the Court should leave well enough alone and deny the Motion. ECF No. 24.

Civil cases in our District are randomly assigned by a sophisticated computer program to the various Judges who are on the civil assignment "wheel".[1] This is a good approach in that it assures that cases in a given subject area are spread among the Judges, and because it gives the litigants confidence that their case is not "cherry picked" by a given Judge, or to a given Judge. It furthers the valued goal of impartiality in fact and in appearance. Our Court, like many others, does make an exception in those cases where good case management takes center stage in a way that would not prejudice the substantial rights of any party. That occurs in the case of "related" cases. *Coulter v. Studeny*, No. 12-0338, 2012 WL 2829948, *2 (W.D. Pa. July 10, 2012). In such a situation, a filing Plaintiff (or removing Defendant), can check a box on the Civil Cover Sheet stating that the "new" case is "related" to a pending case. We have memorialized that process in our Local Rule 40. That Rule provides in relevant part that two civil cases are related when they "involve[] the same issue of fact, or it grows out of the same transaction as another action. . . " LCvR 40(D)(2).

Here, both cases challenge the Defendants' classification of employees for overtime purposes under the same arguably-applicable federal and state wage and hour laws, all working for the same employers. The *Dunkel* case focuses on the Motor Carrier Exemption to the overtime provisions to the FLSA, and the Defendants in this case plead as one of their multitude of defenses that same FLSA exemption. The Plaintiffs allege that all of the same decision makers for the Defendants are at the middle of both cases. Both cases involve the Defendants' "coil unit" operations. The Amended Complaint in each case contends that the employer(s) failed to include bonuses in the calculation of the regular rate of pay. The Defendants contend, in

---

[1] Apparently a reference to the old days, when cases were assigned based on the drawing of numbered pills from a hand-spun drum. Some phrases are so apt that they persist, no matter the intervening changes in technology. This is one of them.

2

essence, that while this case may be in the same church as *Dunkel*, it is seated in a very different pew, in that the work of the involved employees is substantially different from that of the employees at the core of the *Dunkel* case, and that the payroll practices and issues involved are meaningfully different. They argue that because these cases do not, therefore, involve the "same facts", the cases cannot be treated as related.

Both parties are overplaying their hands a bit. It is not enough for the application of Local Rule 40 that it makes good case management sense that the cases be handled together, as the Plaintiff asserts. While that is a logical enough approach, and perhaps a good revision to Local Rule 40, that Rule as it now stands requires a closer connection between the cases. On the other hand, the Defendants' position would require, via the application of their version of the "same facts" test, that the Court find not only that the cases are factually related, but are so factually related that they are really the same case.

While the overlap of the cases here is not profound, they do each appear to involve in part similar or the same payroll practices, including as to the application of a very nuanced provision of the FLSA (the Motor Carrier Exemption, in all of its permutations). They involve similar time periods, likely to some substantial degree involve overlapping decision makers, allege similar payroll practice as to bonuses, and consider work in the same general operational area of the Defendants' business related to the Defendants' coil operations. While this is a close call, the Court cannot conclude that the Plaintiff's checking of the "related" box on the Civil Cover Sheet was an overreach.[2] *Compare Brandt v. Sebelius*, No. 14-0681, 2014 WL 2461909 (W.D. Pa. May 29, 2014) *with Westchester Fire Ins. Co. v. Treesdale, Inc.*, No. 05-1523, 2006 WL

---

[2] While this Court agrees that it is not enough that the cases have something to do with one another, it is not of the view that the existence of individual situations of varied employees is enough to make them not "related". *See Ignatyev v. Chertoff*, No. 08-1547, 2008 WL 1757841, *2 (E.D. Pa. April 16, 2008) (applying similarly-worded Local Rule).

1050518 (W.D. Pa. April 19, 2006) (cases are related where they are "akin" to one another, but not where they involve different transactions with different organizations over different time periods).

That all said, there is another, and more compelling reason to deny the Defendants' Motion. They waited so long to file it that the Court concludes that they acquiesced in the "related" treatment of these cases, and that to grant the Motion would be to countenance the appearance of "Judge-shopping".

The *Dunkel* case was filed on May 17, 2013. There has been a lot of litigation action in *Dunkel*, including extensive oral argument on the Plaintiff's Motion in that case for notice to potential "opt-in" Plaintiffs for FLSA purposes. That occurred on September 29, 2014. This Motion for "random reassignment" in this case was filed eleven (11) days after that argument, on October 10, 2014.

At that point, this case had already been pending for nearly five (5) months, since May 16, 2014. Waivers of Service signed by defense counsel were filed on May 30, 2014. In the meantime, there has been substantial pleading work accomplished, including a Motion to Dismiss from the Defendants on August 1, 2014, an Amended Complaint on August 15, 2014, and Answers to that pleading on September 2, 2014. The appearance of another lawyer (Mr. Burnside) for the Defendant was entered on September 29, 2014, and thereafter, a consent Motion to continue the Case Management Conference was filed on October 6, 2014.

The Defendants' Motion reveals no explanation for the 133 day delay in filing this Motion, measured from the filing of the Waiver of Service, which is probably the first day that the Defendants could be fairly charged with knowing that the Plaintiff had supposedly misidentified this case as "related". Further, this Motion comes after two (2) other events in the

4

*Dunkel* case -- the entry of the appearance of an additional lawyer for the Defendants (Mr. Burnside), and the extensive oral argument on the FLSA notice motion in *Dunkel*.

The Plaintiff's designation of this case as being related to *Dunkel* is, for the reasons noted above, no slam dunk, but it is also not so off the mark as to impugn the importance and value of the "random" assignment system. The Defendants have not identified any prejudice to their substantial rights if the Court would allow that "related" designation to stand, nor have they advised the Court why it took so long to raise the issue, notwithstanding the significant pleading activity in the interim. To grant the Motion now, in circumstances in which the initial designation was not obviously wrong and after plenty of intervening litigation has occurred in this case, would in the Court's judgment create the impression that the Defendants are using the Motion to "Judge shop." More specifically, it would give the appearance that the Defendants, having had the opportunity to see and hear how the Court might approach certain FLSA issues based on the events at the oral argument[3] in *Dunkel*, now want to change Judges.[4]

In our random case assignment system, the parties don't get to pick their Judge. To the extent the Plaintiffs did that by checking the "related" box on the Civil Cover Sheet, absent some showing at this point (five (5) months into the case) that their doing so was obviously contrary to the Local Rule or that their doing so created a real and material prejudice to the substantial rights of the Defendants, the time to do something about that has passed. To grant Defendants' Motion

---

[3] Experience teaches that questions asked by a Judge at oral argument are a rather poor predictor of a decision yet to be made.

[4] The Court makes no finding as to the actual motivation of the Defendants' making of this Motion. Perhaps it simply was an idea that arose when a new lawyer joined the defense team, bringing to it a fresh set of eyes. As Justice Frankfurter once observed, "wisdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters Natl. Bank & Trust Co.*, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting). Or, perhaps there was a more strategic reason for making the Motion, to either get another Judge on the case, or to simply force Plaintiff's counsel to litigate before as many Judges as possible. No matter the underlying reason for filing the Motion, for the reasons noted, the Court concludes that the granting of the Motion in these circumstances would be improvident, and is not compelled by the applicable Local Rule.

now, no matter their actual motivation for making it, would in the Court's judgment create an impermissible appearance of authorizing "Judge shopping".

An appropriate Order will be entered.

                                                                 Mark R. Hornak
                                                                 United States District Judge

Dated: December 11, 2014

cc: All Counsel of Record